**NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

_____

No. 14-1949
_____


UNITED STATES OF AMERICA

v.

DERRICK CHAPPELLE,
a/k/a D-NICE

DERRICK CHAPPELLE,

Appellant


On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No.: 2-12-cr-00447-001)
District Court Judge: Honorable Joel H. Slomsky


Submitted under Third Circuit LAR 34.1(a)
on January 23, 2015

Before: RENDELL, SMITH, and KRAUSE, Circuit Judges

(Opinion filed: January 29, 2015)

O P I N I O N[*]

**RENDELL,** <u>Circuit Judge</u>**:**

Arguing sentencing factor manipulation, Derrick Chappelle ("Chappelle") appeals from the District Court's sentencing order. Because no manipulation occurred here, we will affirm.

## I. Introduction

Chappelle sold crack cocaine to a confidential informant for the FBI on two occasions, which were less than one month apart. The first purchase was for 24.5 grams, and the second purchase was for 48.8 grams. Thereafter, the government charged Chappelle with two counts of distribution of crack cocaine pursuant to 21 U.S.C. § 841(a)(1) and (b)(1)(C) and § 841(a)(1) and (b)(1)(B). Chappelle pled guilty, and his final Guideline range was set at 77-96 months. Chappelle argued for a downward variance based on what is known as "sentencing factor manipulation," urging that the Government engaged in a second drug transaction so as to increase his sentence, thereby manipulating his sentence unfairly. The District Court rejected this argument and imposed a within-Guideline sentence of 96 months. On appeal, the sole issue is whether the District Court should have granted the downward variance based on this factor.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

## II. Discussion

"In reviewing the District Court's sentence for reasonableness, we examine its factual findings for clear error, and its legal conclusions *de novo*." *United States v. Sed*, 601 F.3d 224, 229 (3d Cir. 2010) (internal citation omitted). We have explained that the "broadest formulation" of sentencing factor manipulation "holds that it is 'a violation of the Due Process Clause,' . . . when the government unfairly exaggerates the defendant's sentencing range by engaging in a longer-than-needed investigation and, thus, increasing the drug quantities for which the defendant is responsible." *Id.* at 231 (internal citation omitted) (quoting *United States v. Torres*, 563 F.3d 731, 734 (8th Cir. 2009)). Similarly, Chappelle characterizes sentencing factor manipulation as "occur[ring] in those circumstances where the defendant, although inclined to commit a lesser crime, is *manipulated* by the government into committing a greater crime, and therefore a greater punishment." (Blue Br. 8 (emphasis added).)

While we "have neither adopted nor rejected" the doctrine of sentencing factor manipulation, *Sed*, 601 F.3d at 229, we agree with the District Court that the second drug deal here does not constitute sentencing factor manipulation, *see id.* at 231 (rejecting a sentencing factor manipulation claim where law enforcement had arranged a second drug deal, thereby increasing the defendant's sentence). The key is *manipulation*, and the government did not in any way manipulate Chappelle, as Chappelle's own counsel conceded that "he was predisposed to sell drugs. He's a drug dealer. There's no doubt about it." (App. 69.) Although the FBI did wait a significant amount of time after the

3

second drug deal before charging Chappelle, the FBI did not use that time to unfairly augment Chappelle's future prison sentence by, for instance, conducting a new drug deal every month for the almost three years that intervened before Chappelle was charged. The FBI's decision to arrange a second drug deal was legitimate. *See United States v. Shephard*, 4 F.3d 647, 649 (8th Cir. 1993) ("[I]t is legitimate for police to continue to deal with someone with whom they have already engaged in illicit transactions in order to establish that person's guilt beyond a reasonable doubt or to 'probe the depth and extent of a criminal enterprise, to determine whether coconspirators exist, and to trace the drug deeper into the distribution hierarchy.'" (quoting *United States v. Calva*, 979 F.2d 119, 123 (8th Cir. 1992))). A contrary ruling "would unnecessarily and unfairly restrict the discretion and judgment of investigators and prosecutors." *United States v. Jones*, 18 F.3d 1145, 1155 (4th Cir. 1994). Accordingly, Chappelle has not established sentencing factor manipulation, even if we were to adopt the doctrine, and the District Court's within-Guideline sentence was reasonable.

### III. Conclusion

For the foregoing reasons, we will affirm the District Court's sentencing order.